IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARIXA AGUIRIANO RIVERA,<br>A# 246-706-509,<br><br>*Petitioner*,<br><br>V.<br><br>MIGUEL VERGARA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; *et al.*,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-00965-FB |

**ORDER OF DISMISSAL**

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) filed by Petitioner Larixa Aguiriano Rivera's ("Petitioner"). After careful consideration, the Court is of the opinion that the Petition should be dismissed without prejudice as premature, or alternatively dismissed as moot if Petitioner is no longer in Respondents' custody.

BACKGROUND

Petitioner, a native and citizen of Honduras, entered the United States without inspection on June 5, 2023, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner. ICE detained Petitioner again on October 23, 2025. Petitioner filed this Petition on February 13, 2026, challenging Petitioner's detention pending removal by ICE.

According to publicly available government records, of which the Court takes judicial notice, an immigration judge ("IJ") ordered Petitioner's removal on March 31, 2026. Https://acis.eoir.justice.gov/en/caseinformation (last visited Oct. 20, 2026). Petitioner appealed the removal order, but the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on

September 10, 2026. *Id.* A recent search of the Online Immigration Detainee Locator System for a detained individual with Petitioner's name and A# produced zero results. https://locator.ice.gov/odls/#/results (last visited Oct. 20, 2026).

DISCUSSION

Pursuant to Department of Justice regulations, an IJ's removal order becomes final "[u]pon dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1(a). Once a removal order becomes final, the government "ordinarily" secures the noncitizen's removal during "a subsequent 90-day statutory 'removal period.'" *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). Noncitizens awaiting removal during this period "must be held in custody." *Id.* at 683 (citing 8 U.S.C. § 1231(a)(2)). If the Government does not remove the noncitizen within the ninety-day period, the Government may continue to detain the noncitizen pursuant to 8 U.S.C. § 1231(a)(6) or release the individual under supervision. *Id.* (citing 8 U.S.C. § 1231(a)(6)). If the Government decides to continue detention, that detention may not exceed "a period reasonably necessary to secure removal." *Id.* at 699. The Supreme Court has set the presumptive period of time reasonably necessary to secure removal at six months–after that, the noncitizen "is eligible for conditional release if [the individual] can demonstrate there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (quoting *Zadvydas*, 533 U.S. at 701).

Petitioner filed this habeas Petition on February 13, 2026, arguing that Petitioner has been unlawfully detained since October 23, 2025. Petitioner requests that this Court order that Petitioner be released from ICE custody or require Respondents to provide an individualized bond hearing before an immigration judge.

However, Petitioner's removal order became final on September 10, 2026, when the BIA dismissed Petitioner's appeal. *See* 8 C.F.R. § 1241.1(a). Petitioner is thus currently within the ninety-day statutory removal period, and "must be held in custody" pursuant to the Immigration and Nationality Act. *See Zadvydas*, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)). Accordingly, the Petition is premature and may be dismissed without prejudice.

Alternatively, the Court *sua sponte* addresses the issue of mootness. As noted, Petitioner solely seeks release from ICE custody and a search of the Online Immigration Detainee Locator System produced no results showing that an individual with Petitioner's name and A# is in ICE custody.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). If Petitioner is no longer in ICE custody, the instant Petition no longer presents a live case or controversy for purposes of satisfying Article III. *Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (quoting *Lewis*, 494 U.S. at 477-78) (finding former immigration detainee's petition moot because petitioner had been released from custody); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (holding petitioner's habeas claims were properly dismissed as moot after petitioner was removed from United States). Accordingly, if Petitioner has been released from ICE custody, this Petition may be dismissed as moot.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as premature. Alternatively, in the event Petitioner is no longer in Respondents' custody, the Petition is Dismissed as Moot.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is now CLOSED.

It is so ORDERED.

SIGNED this 22nd day of October, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE